Bernard S. Meyer, J.
By this article 78 proceeding, petitioners seek an order in the nature of mandamus requiring the Commissioner of Welfare to accept their application for adoption of a Negro child. Petitioners are white and their petition alleges that their application was “ rejected on the ground of the unwritten policy of the Department of Welfare not to accept white foster parents for a Negro child.” After a hearing, the court finds that petitioners were not considered for adoption because of the size of their present family (three natural and two adopted children), the fact that they are physically capable of having-additional children of their own, and the fact that the child last adopted had been adopted only a few months before her Department of Welfare interview. Further, at the hearing, petitioner Terese Rockefeller stated her intention to continue working as a kindergarten teacher. The sole relevant criterion is the best interests of the child to be adopted. In light of the circumstances above detailed, the court cannot say that the department’s action in refusing to consider further petitioners’ application was arbitrary or unreasonable.
Moreover, the evidence establishes that there is no departmental policy against interracial adoption. As Judge Bazelon noted in Matter of Adoption of a Minor (228 F. 2d 446, 448 [C. C. A., D. C.]): “ There may be reasons why a difference in race, or religion, may have relevance in adoption proceedings. But the factor alone cannot be decisive in determining the child’s welfare.” ■ (See, also, Ann. 54 A. L. R. 2d 909.) The evidence shows only that the Assistant Director of Child Welfare discussed with Terese Rockefeller her personal views concerning some of the problems that might arise from interracial adoption.
The court concludes that the determination that petitioners were ineligible was based on grounds other than the interracial nature of the proposed adoption and that the record supports the determination made. The application is, therefore, denied.